Filed 9/20/16  P. v. Kessell CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>RAUL KESSELL,<br><br>　　　Defendant and Appellant. | B270744<br><br>(Los Angeles County<br>Super. Ct. No. BA425000) |

THE COURT:[*]

　　　Appellant Raul Kessell (Kessell) pleaded guilty to possessing cocaine base for sale in violation of Health and Safety Code section 11351.5.  He was sentenced to 30 days in county jail, and was given credit for 30 days in custody.  The trial court put Kessell on three years of probation, ordered him to serve 300 hours of community service with Caltrans, and imposed a $50 lab fee, a $30 surcharge fee, and a $40 postconviction assessment fine.  Subsequently, the trial court held a hearing and revoked Kessell's probation.  The trial court initially sentenced Kessell to the midterm of three years in local custody, but then it granted a motion to strike a prison prior and sentenced Kessell to the low term of two years in local custody.  In connection therewith, he was given 219 days of custody credit.

---

[*]　　　ASHMANN-GERST, Acting P. J., CHAVEZ, J., HOFFSTADT, J.

Kessell now appeals from the judgment, and he does not challenge the validity of his guilty plea.  His appointed counsel filed a no merit brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*) raising no issues for us to consider.  On May 24, 2016, we notified Kessell of the no merit brief and gave him leave to file, within 30 days, a brief or letter setting forth any arguments supporting his appeal.  He did not submit either a brief or letter.  After review of the record, we conclude Kessell is not entitled to appellate relief.

We are satisfied that Kessell's counsel complied with her responsibilities.  We conclude that Kessell has received adequate and effective appellate review of the judgment entered against him by virtue of counsel's compliance with the *Wende* procedure, and our review of the record.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.